IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Respondent,                No. 2:07-cr-00175 MCE-GGH

    vs.

RICARDO RICKY MADRIGAL,

      Movant.                <u>FINDINGS & RECOMMENDATIONS</u>

_____/

      Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set

aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On February 19, 2012, respondent

moved to dismiss movant's request on the grounds that movant had previously waived his right

to file a collateral attack on the criminal judgment in his plea agreement, and that the motion to

vacate was untimely.[1]

///

///

_____

[1]   On July 6, 2012, the court filed an order noting that movant had apparently not been
served with the motion, and directing respondent to serve the motion to dismiss on movant.
Movant's response to the motion to dismiss, if any, was due within 30 days after service. A review
of the court's docket reflects that respondent served movant with the motion to dismiss by mail on
July 6, 2012, making movant's response due by August 10, 2012. <u>See</u> Fed. R. Civ. P. 4, 6. Movant
filed his response on August 3, 2012. <u>See</u> Doc. No. 82.

<u>Background</u>

On August 7, 2008, pursuant to a plea agreement, movant pled guilty to seven felony counts of dealing firearms without a license, interstate travel to acquire firearms without a license, transporting firearms interstate in furtherance of unlicensed firearm dealing, and possession of an unregistered machine gun. <u>See</u> Docket No. 51. Movant was subsequently sentenced to terms of 57 months on each count, to be served concurrently, for a total term of 57 months. <u>See</u> Doc. No. 61. Judgment was entered against the movant on February 20, 2009. <u>See</u> Doc. No. 63.

Movant's plea agreement reads, in part:

> **Waiver of Appeal and Collateral Attack:** The defendant understands that the law gives him a right to appeal his conviction and sentence. He agrees as part of his plea, however, to give up the right to appeal the conviction and the right to appeal any aspect of the sentence imposed in this case so long as his sentence is no longer than 60 months in prison.
>
> Regardless of the sentence he receives, the defendant also gives up any right he may have to bring a post-appeal attack on his conviction or sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence.

Doc. No. 53 at 7.

Movant's plea agreement was signed by both movant and his counsel. <u>See</u> Doc. No. 53 at 8-9. Specifically, the "Approvals and Signatures" section reads:

> **A. Defense Counsel**: I have read this Plea Agreement and have discussed it fully with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.
>
> Dated: 8/7/8          /s/ Linda C. Harter
>
> **B. Defendant**: I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. In addition, no one has threatened or forced me in any way to enter into this Plea Agreement. Finally, I am satisfied with the representation of my attorney in this case.
>
> Dated: 8-7-08          /s/ Ricardo Madrigal

Id. at 8-9.

Movant did not file an appeal of his judgment and sentence. Under the rules in effect at the time movant was sentenced, his time to do so expired on March 3, 2009. See Fed. R. App. P. 4(b)(1)(A), (b)(6) (under rule in effect at time of movant's conviction, appeal was to be filed within 10 days of entry of judgment).[2] Accordingly, his conviction became final on March 3, 2009, when his time to file an appeal expired. See Griffith v. Kentucky, 479 U.S. 314, 321 n.6, 107 S.Ct. 708, 712 (1987) ("By final, we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Movant filed the current motion to vacate on September 5, 2011, or more than two years and six months after his conviction became final.[3] See Doc. No. 71. In his motion, movant argues that: (1) his sentence was improperly enhanced, in violation of Blakely and Apprendi, and his sentence is therefore unreasonable; and (2) movant's counsel was ineffective. See Doc. No. 71 at 9-18. Movant also argues that his motion is not barred by his plea agreement, because the court lacked jurisdiction to enter his sentence. Id. at 5-6. Movant finally argues that he is entitled to equitable tolling because of his "appellate" counsel's failure to advise him that he could file a section 2255 motion. Id. at 7-8.

Respondent moves to dismiss the motion to vacate, arguing that it is barred by movant's plea waiver and by the statute of limitations. See Doc. No. 78 at 1-2. In opposition, movant argues that his plea was not voluntary, and that his counsel and the trial court failed to advise him that he had the option to go to trial. See Doc. No. 82 at 4-5.

\\\\\

---

[2] In his motion to vacate, movant incorrectly alleges that his "conviction was affirmed by the Circuit Court, which constitutes a final judgment...." See Doc. No. 71 at 3.

[3] The court uses as the filing date the date on which petitioner mailed his petition, according to his proof of service, when such proof of service is attached to his pleadings. See Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).

3

For the reasons given below, the undersigned recommends that respondent's motion be granted.

The Motion is Untimely

28 U.S.C. § 2255 includes a one-year statute of limitations on the filing of a motion to vacate:

> (f)  A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered by due diligence.

28 U.S.C. § 2255(f).

In this case, as noted above, movant's conviction became final on March 3, 2009, and his 2255 motion was accordingly due by March 4, 2010.  However, movant did not file the motion until eighteen months later, on September 5, 2011.  The motion is untimely, and should be dismissed unless movant is entitled to equitable tolling.

Movant is not Entitled to Equitable Tolling

A movant seeking to vacate, set aside, or correct his sentence is entitled to equitable tolling of the limitations period only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented his timely filing.  U.S. v. Buckles, 647 F.3d 883, 889 (9th Cir. 2011); U.S. v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004).  "The movant must show that the extraordinary circumstances 'were the cause of his untimeliness.'" U.S. v. Buckles, 647 F.3d at 889, quoting Bryant v. Ariz. Att'y Gen., 499 F.3d 1056, 1061 (9th Cir. 2007) (internal quotations omitted).

1      In this case, movant generally alleges that he is entitled to equitable tolling

2   because (1) his counsel failed to advise petitioner of his option to file a section 2255 motion; and

3   (2) counsel failed to file a section 2255 motion.  See Doc. No. 71 at 7-8.  Movant argues that

4   "[t]his error by Counsel was beyond Petitioner's control and unavoidable even with the due

5   diligence by Petitioner in arranging to secure his transcripts and trial documents to file his section

6   2255 motion."  Doc. No. 71 at 8.

7      Attorney misconduct may present "extraordinary circumstances."  See Holland v.

8   Florida, – U.S. – , 130 S.Ct. 2549, 2563-64 (2010).  However, a movant must demonstrate "the

9   necessary causal link between counsel's alleged inactions and the untimeliness of the § 2255

10  motion...."  U.S. v. Buckles, 647 F.3d at 890.

11      Movant's general allegations are insufficient to support equitable tolling.  See

12  U.S. v. Villavicencio-Burruel, 608 F.3d 556, 559 n.1 (9th Cir. 2010) (alien failed to demonstrate

13  ineffective assistance of counsel; he "introduced neither an affidavit nor any record evidence

14  detailing the purportedly ineffective acts of his counsel.  [Alien's] conclusory, equivocal

15  statement....is insufficient under the 'highly deferential' standard of review [articulated in

16  Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052 (1984)]).  To begin, movant's

17  claim that counsel failed to advise him of his option to file a motion to vacate is not supported by

18  the record, because both movant and his attorney signed movant's plea agreement, in which

19  movant waived his right to file one.[4]  See Doc. No. 53 at 8.  Movant also fails to explain how his

20  attorney was negligent or ineffective for failing to file a motion to vacate when movant had

21  specifically waived his right to do so in his plea agreement.

22      Even if counsel was somehow ineffective because she failed to advise movant or

23  to file the motion on movant's behalf, movant has not told the court when he became aware of

24

25      [4]      The motion reads that appellate counsel failed to advise movant of his right to file a
    2255 motion, and failed to file one on his behalf.  See Doc. No. 71 at 7.  However, movant did not
26  file an appeal, so the undersigned reads movant's allegation to be that his trial counsel failed to
    advise him or to file the motion.

his ability to file a motion to vacate, or how he diligently pursued his available remedies after he became aware of his option.  Absent such information, the court cannot determine if movant could possibly have filed a timely motion, or if he is entitled to measure his limitations period from the "date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  See U.S. v. Battles, 362 F.3d at 1198 ("Surely due diligence requires that [movant] at least consult his own memory of trial proceedings.  His decision not to do so does not bespeak due diligence.")  His claims are accordingly insufficient to establish that counsel's failures, if there were any, prevented his timely filing.  Cf Doe v. Busby, 661 F.3d 1001, 1012 (9th Cir. 2011) (more than a year before AEDPA deadline, petitioner paid attorney $20,000 to file habeas petition; attorney filed no petition, even after repeated promises to do so, then took six months to return files after petitioner requested them).

The motion to vacate was filed eighteen months after the statute of limitations expired, and movant has failed to allege sufficient grounds to support equitable tolling. Accordingly, the undersigned recommends that the court grant respondent's motion to dismiss this petition as untimely.[5]

Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss be granted; and

2. The District Court decline to issue a certificate of appealability.

---

[5]    The court need not rule on any other grounds for dismissal.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 22, 2012

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE

ggh:rb
madr0175.fr